

**Joel G. MacMull**
*Member of New York Bar*
jmacmull@archerlaw.com
201-498-8518 Direct
201-342-6611 Direct Fax

44 Wall Street, 12th Floor
Suite 1285
New York, NY 10005
212-292-4998 Main
212-461-2223 Fax
**www.archerlaw.com**

October 5, 2015

**VIA ECF**

Hon. George B. Daniels, U.S.D.J.
United States District Court
Daniel Patrick Moynihan
United States Courthouse
50 Pearl Street
New York, NY 10007

Re:   **Roca Labs, Inc. v. Opinion Corp. et al.**
        **Case No. 15-mc-00289-P1**

Dear Judge Daniels:

We represent defendants and non-parties (collectively, "Defendants") in connection with the above-captioned matter. We write to request a stay of these proceedings in light of the Federal Trade Commission's ("FTC") prosecution of Roca Labs, Inc. ("Roca") in the action styled as *FTC v. Roca Labs, Inc., et al.,* currently pending in the United States District Court, Middle District of Florida, Case No. 15-cv-02231. (A copy of the FTC's Complaint filed on September 24, 2015 against Roca and its principals is attached hereto as Exhibit A.) More specifically, and consistent with defendants' application in *Roca v. Consumer Opinion Corp.,* Case No. 14-cv-02096, pending in the United States District Court, Middle District of Florida (the "Underlying Action"), we ask that a stay be entered in these proceedings until after the preliminary injunction hearing in the FTC's case.[1]

As the attached Complaint shows, the government's claims against Roca are excoriating. They are also entirely at odds with Roca's effort to seek judicial endorsement of its practices in the Underlying Action. (*Compare* Exhibit A *and* Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint dated April 15, 2015 ("Exhibit B") *with* Roca's First Amended Complaint dated March 30, 2015 ("Exhibit C").)

---

[1]     Alternatively, defendants respectfully request that, at a minimum, a stay be issued in these proceedings until such time as the Middle District of Florida decides defendants' motion to stay in the Underlying Action.

Hon. George B. Daniels, U.S.D.J.
October 5, 2015
Page 2

As the attached motion filed on October 1, 2015 in the Middle District of Florida makes clear, there exists good cause to impose a stay in the Underlying Action. (Attached hereto as Exhibit D is defendants' Motion to Stay Case in Light of FTC Prosecution of Plaintiff) And, so too does there exist good cause to stay these proceedings, including for the reason that Roca has agreed with the FTC to forgo further lawsuits or retaliation against parties that share negative information about it — protected expressions under the First Amendment that lie at the very heart of this case. (*See* Exhibit C; *see also* § II of the Stipulated Temporary Restraining Order with Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue entered on September 29, 2015 attached hereto as Exhibit E.)

As the enclosed motion demonstrates, because the FTC's action seeks to entirely vitiate not only the predicate for Roca's claims — and therefore any additional discovery it could possible hope to obtain — but also any basis on which a possible sanction award could lie, evening assuming *arguendo* such an determination were deemed appropriate, a stay here is proper in light of the FTC's action.

This court has the inherent power to stay any further proceedings in the instant civil action in favor of the FTC's litigation. *See Landis v. North American Co.*, 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants."); *see also LaSala v. Needham & Co., Inc.*, 399 F. Supp.2d 421, 427 (S.D.N.Y. 2005). Whether the court should do so is based on several factors, including: (i) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (ii) the private interests of and burden on the defendants; (iii) the interests of the courts; (iv) the interests of persons not parties to the civil litigation; and (5) the public interest. *See Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). In balancing these factors on a case-by-case basis, the central focus is to avoid prejudice. *See LaSala*, 399 F.Supp.2d at 427.

Consideration of these factors weighs in favor of a limited stay of these proceedings. First, despite whatever Roca may say to the contrary, it will not be prejudiced by a stay of this action. This case has been pending in this District for less than a month. Moreover, the FTC's litigation is likely to yield additional discovery that will further erode the *bona fides* of the relief Roca seeks in this proceeding.

With regard to the second factor, if litigation in this Court were to proceed, the burden on defendants will be significant since they will be forced to undergo potentially unnecessary litigation — and concomitant discovery — which could lead to inconsistent results. Again, as defendants' motion in the Middle District of Florida notes, a victory for the FTC necessarily means Roca cannot possible prevail in its case against defendants. (*See* Exhibit D at 6.) Further, as to remaining factors, judicial economy and the public interest will be served by granting the stay since the issues surrounding this action may be significantly narrowed as a result of the imposition of a preliminary injunction in the FTC litigation. Accordingly, both parties may not require the judicial resources of this Court to the same extent they would if this case continues prior to the FTC's preliminary injunction hearing.

Hon. George B. Daniels, U.S.D.J.
October 5, 2015
Page 3

     Although defendants anticipate that Roca will argue that granting a stay is improper because this action has nothing to do with the FTC's action, even if such statement were true — which it isn't — a court may, in its discretion, "in the interest of judicial economy, enter a stay pending the outcome of proceedings, which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed." *See LaSala*, 399 F.Supp.2d at 427.

     The parties "met and conferred" and Roca's counsel in this matter, Shawn Wallach, stated that Roca does not consent to the relief sought herein.

     We thank the Court for its continued attention to this matter.

Respectfully submitted,
ARCHER & GREINER
A Professional Corporation

Joel G. MacMull

Encls.